**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

---

| **In Re:**<br><br>KEITH EDWIN SODERQUIST<br>and CHRISTIE SODERQUIST<br>dba C & K Farms,<br><br>**Debtors.** | **Bankruptcy Case**<br>**No. 04-41002** |
|---|---|

---

**MEMORANDUM OF DECISION**

---

**Appearances:**

Craig R. Jorgensen, Pocatello, Idaho, Attorney for Debtors.

Jeffrey G. Howe, Boise, Idaho, Office of the U.S. Attorney.

Debtors-in-possession Keith and Christie Soderquist ("Debtors") filed for relief under Chapter 11 of the Bankruptcy Code on May 10, 2004. Their attorney is Craig Jorgensen ("Counsel"). Now, approximately seven months into this case, Counsel has applied to the Court for approval of his employment as the attorney for Debtors, effective retroactively to the date of commencement of the case. Mot. to Approve Employment of Attorney *Nunc Pro Tunc*, Docket No. 60. The United States Trustee's Office ("UST")

objects, not to approval of Counsel's employment from the date of the filing of Counsel's application prospectively, but to retroactive approval.

After conducting a hearing concerning the matter on November 24, 2004, and having considered the arguments and authorities submitted by the parties, for the reasons explained below, the Court concludes Counsel's request should, in light of the facts of this case, be granted.[1]

## FACTS

Prior to filing their bankruptcy petition, Counsel provided routine, pre-bankruptcy assistance and services to Debtors. These services included interviewing Debtors, gathering relevant information, and preparing a bankruptcy petition, schedules, a statement of financial affairs, and other necessary papers. Apparently, Counsel's long-time paralegal, who normally would have prepared the papers necessary for Debtors to commence the bankruptcy case, had recently left his employment. Therefore, Counsel, as a solo-practitioner, retained an "outside" contract paralegal to prepare the documents. The contract-paralegal also prepared an application for Counsel's employment and a Rule 2016(b) fee disclosure.[2]

---

[1] This Memorandum represents the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

[2] All Rule references are to the Federal Rules of Bankruptcy Procedure; all statutory and "Code" references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

When Counsel's clerk filed Debtors' petition and schedules at the bankruptcy court on May 10, contrary to his customary practice, his employee, for some unknown reason, did not file Counsel's application for employment or his fee disclosure.[3] Instead, these documents were placed in Counsel's client file folder where they remained for some time.

Finally, on October 20, while preparing Debtors' disclosure statement, Counsel reviewed the Court's electronic docket for Debtors' case on the Internet. In doing so, Counsel first realized that his employment had never been approved. It was at that time he located the original application for employment and fee disclosure in his client file. On October 21, Counsel filed a Disclosure of Compensation of Attorney for Debtor, a Verified Statement of Attorney, an Application to Approve Employment of Attorney, an Affidavit of Craig R. Jorgensen, and a Motion to Approve Employment of Attorney *Nunc Pro Tunc*. Docket Nos. 56, 57, 58, 59, 60. On November 23, 2004, the UST filed an objection to approving Counsel's employment retroactively. Docket No. 75.

At the hearing, Counsel explained that his law practice was unusually busy at and after the time he filed Debtors' bankruptcy petition, and that this heavy work load, coupled with the loss of his usual paralegal, surely contributed to his failure to apply

[3] As the Court observed at the hearing, Counsel's failure to file a timely Rule 2016(b) fee disclosure is itself a serious matter, but one the Court need not address in connection with the motion under advisement. Instead, the Court will consider the implications of Counsel's error at a later appropriate time.

promptly for approval of his employment. Beyond this, though, Counsel, who is a seasoned Chapter 11 debtor's attorney, was unable to offer any specific details about why his routine practice of applying for approval of his employment at the time a bankruptcy case is filed was not observed in this case, or why it took months to discover this error.

## Discussion

### A. Approval of Counsel's Employment Prospectively.

In Idaho, the approval of employment for a Chapter 11 debtor's attorney is, as a matter of course, retroactively effective to the date of filing of the application. L.B.R. 2014.1(c). The UST, the only party to object to Counsel's application, does not contest approval of Counsel's employment prospectively, which the Court interprets to mean from the date the application was filed, October 21. From the record, it appears that Counsel is disinterested, holds no interest adverse to the bankruptcy estate, is qualified to represent Debtors, and that Counsel's services are, and will hereafter be, necessary to assist Debtors with their attempts to reorganize. 11 U.S.C. § 327; Fed. R. Bankr. P. 2014. Certainly, then, Counsel's application to approve his employment, on a going-forward basis, should be approved.

### B. Approval of Counsel's Employment Retroactively.

Usually, bankruptcy estate professionals may not be compensated for services performed prior to proper authorization of their employment by the bankruptcy

court. 11 U.S.C. § 330(a)(1) (allowing compensation only to "a professional person employed under section 327 or 1103 . . . ."); *Atkins v. Wain, Samuel & Co.* (*In re Atkins*), 69 F.3d 970, 973 (9th Cir. 1995); *In re Ferreira*, 95 I.B.C.R. 282, 283 (Bankr. D. Idaho 1995). Where court approval has not been first obtained, in order to promote adherence to the Code and Rules and to encourage timely, responsible action by professionals, the Court would welcome a standard that simply and absolutely prohibited retroactive validation of tardy applications. But such a harsh rule, although always easily-applied, is not the law. Instead, bankruptcy courts in the Ninth Circuit are vested with "the equitable power to approve retroactively a professional's valuable but unauthorized services." *Atkins*, 69 F.3d at 973–74. Exercise of the court's discretion in granting such approval is limited to situations in which the professional satisfies the criteria for employment under § 327 and other "exceptional circumstances" exist justifying a deviation from the normal rule. *Id*. at 973–74, 976. To demonstrate the requisite "exceptional circumstances," the professional must (1) satisfactorily explain the failure to receive prior judicial approval for services performed, and (2) demonstrate that those services benefitted the bankruptcy estate in a significant manner. *Id*. at 974.

In this instance, the Court finds and concludes that Counsel currently satisfies the employment requirements of § 327 and Rule 2014. At the hearing, Counsel explained that the papers he filed in October in connection with his application, Docket

Nos. 56–60, accurately reflect the facts as of the time they were filed. That being so, after reviewing Counsel's submissions and the Court's own file in this case, the Court further finds and concludes that Counsel would have satisfied the requirements of § 327 and Rule 2014 at the time Debtors' petition was filed if Counsel had filed the necessary papers to obtain approval of his employment at that time. Because Counsel has satisfied this element of *Atkins*, the Court turns its attention to whether exceptional circumstances exist.

The UST acknowledges that the services provided by Counsel to date were valuable. The Court shares this conclusion after reviewing its file. It appears Counsel has provided Debtors valuable assistance by, among other things, commencing their Chapter 11 case, representing Debtors at the § 341(a) meeting, drafting and filing a proposed disclosure statement and plan, responding to creditors' concerns, and submitting amended disclosure statements and plans to deal with those concerns. For purposes of this analysis, then, the Court is comfortable in concluding that the services Counsel has provided to Debtors so far have been valuable.[4]

The remaining issue, then, is whether Counsel has provided a satisfactory excuse for not obtaining prior judicial approval of his employment. The UST argues that

---

[4] Having made this observation, the Court must reserve the right to review again carefully the necessity and benefit of the services provided by Counsel at the time the Court is asked to approve his fee applications, along with any objections that may be submitted in response to such applications. Such is the Court's independent duty. *Law Offices of David A. Boone v. Derham-Burk* (*In re Eliapo*), 298 B.R. 392, 405 (B.A.P. 9th Cir. 2003); *In re Dale's Crane, Inc.*, 99.1 I.B.C.R. 8, 8 (Bankr. D. Idaho 1999).

Counsel's mistake was, at best, negligence or inadvertence, and therefore does not constitute a satisfactory explanation. In response, Counsel notes that because of his long history of timely applying for approval of his employment as counsel for debtors-in-possession in the many cases he has handled, the mistake made in this case should be regarded as an aberration, and should not prevent the Court from approving his employment retroactively.

The decision of the bankruptcy court in *In re Gutterman*, 239 B.R. 828 (Bankr. N.D. Cal. 1999), is instructive. The Chapter 7 trustee's counsel had failed to seek timely approval of his employment; when counsel did file an application, the UST objected. *Id*. at 829–30. The court found that counsel provided valuable services to the trustee, that counsel's normal practice was to file an employment application immediately upon being hired, and that his departure from the Code and Rules in this case represented an isolated incident. Even though it agreed with the UST's characterization of counsel's conduct as "mere oversight," the court determined that counsel's explanation was satisfactory. In reaching this conclusion, the court noted specifically that the absence of any prejudice to the estate was an important consideration. *Id*. at 831.

Here, the Court has first-hand experience with Counsel and concurs that, in the past, he has been conscientious in filing applications for approval of employment in

Chapter 11 cases shortly after, if not with, the petition.[5] In addition, there is no evidence that any party has been prejudiced by Counsel's tardy filing.[6] To the Court, these are important considerations, just as they were in *Gutterman*.

Another factor of considerable importance in this case is that, upon learning of his error, Counsel promptly sought approval of his employment, filing the necessary papers the very next day. To the Court, this reflects a sincere desire to comply with the Code and Rules, not a cavalier approach to compliance.

The Court also accepts Counsel's representations that his omission occurred in the context of an unusually busy period in his solo law practice, and at a time immediately following his loss of an experienced member of his administrative staff. In the Court's view, all these factors, considered together, provide a satisfactory explanation for the error Counsel made.[7]

---

[5] Obviously, Counsel can quench his thirst at this well but once. If he makes a similar mistake in the future, Counsel's past compliance with the Code and Rules would be of little help.

[6] In particular, this does not appear to be a case where paying Counsel's fees for services provided prior to approval of his employment would have "the effect of depleting all of the estate's assets, leaving nothing for unsecured creditors." *Andrew v. Coopersmith* (*In re Downtown Inv. Club III*), 89 B.R. 59, 62 (B.A.P. 9th Cir. 1988). Instead, assuming Debtors' proposed Amended Chapter 11 Plan of Reorganization, Docket No. 63, is confirmed, administrative claimants and secured creditors will be paid in full, and a significant distribution to unsecured claimants will be made as well.

[7] Although not a prerequisite to a finding of exceptional circumstances, nine factors (the so-called "*Twinton* factors") have been identified to assist the Court with the necessary analysis. *Atkins*, 69 F.3d at 976. These factors focus on whether: (1) the debtor, trustee, or committee expressly contracted with the professional person to perform the services which were thereafter

To be fair to others whom the Court has not excused in the past, further comment is appropriate. In those cases, some aspect of the professional's showing was lacking. For a recent example, the facts here are certainly distinguishable from those in *In re Ball,* 04.3 I.B.C.R. 87 (Bankr. D. Idaho 2004). In *Ball,* the Court declined to approve retroactively the employment of a realtor who assisted in the sale of property of a Chapter 12 debtor. There, the debtor and realtor did not promptly seek retroactive approval, doing so over one month after the realtor had commenced his marketing efforts, found a buyer, and negotiated a sale of the property. Moreover, the realtor's request came only after the Court noticed a reference to the realtor in the sale notice concerning the property, and urged the debtor's attorney to follow up. Further, no persuasive evidence or argument was offered to establish a satisfactory explanation for the failure to seek prior judicial approval of the realtor's employment. Instead, the debtor and realtor essentially pled ignorance of the requirements of the Code and Rules. As can be seen, the facts here

rendered; (2) the party for whom the work was performed has approved the entry of a *nunc pro tunc* order; (3) the applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections; (4) any creditor or party in interest has offered a reasonable objection to the entry of the *nunc pro tunc* order; (5) the professional has satisfied all the criteria for employment pursuant to § 327 and Rule 2014 at or before the time services were actually commenced and remained qualified during the period for which services were provided; (6) the work was performed properly, efficiently, and to a high standard of quality; (7) no actual or potential prejudice will inure to the estate or other parties in interest; (8) the applicant's failure to seek pre-employment approval is satisfactorily explained; and (9) the applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals. *Id*. at 974 (citing *In re Twinton Props. P'ship*, 27 B.R. 817, 819–20 (Bankr. M.D. Tenn. 1983)). In exercising its discretion to grant Counsel relief, the Court has also considered these factors and concludes that Counsel has satisfied most of them.

present a markedly different situation.

**Conclusion**

While perhaps a close call, the Court finds and concludes that Counsel meets the requirements of § 327 and Rule 2014, and that Counsel has demonstrated that his failure to seek prior Court approval of his employment was the result of exceptional circumstances. In the exercise of its discretion, the Court will approve Counsel's employment retroactively as of May 10, 2004.

A separate order will be entered.

Dated: **January 5, 2005**

Honorable Jim D. Pappas
United States Bankruptcy Judge